UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KUNAL SINGRA (A-Number: 243-152-712),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-4721-TLN-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Kunal Singra is an Indian citizen who arrived in the United States in April 2023 and was released on his own recognizance by immigration authorities while he pursued an asylum claim. On May 26, 2026, petitioner was re-detained by ICE without any change in circumstances. Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking his release from custody. On June 22, 2026, the court issued a temporary restraining order mandating his release. It appears that petitioner is no longer in custody. The matter has been referred to me for findings and recommendations. For the following reasons, I recommend that the petition be granted and that the court issue permanent injunctive relief.

**Background**

Petitioner is an Indian citizen who arrived in the United States on April 22, 2023, and, shortly afterward, was released by immigration authorities on his own recognizance. ECF No. 1

at 15. Petitioner filed his asylum application within one year of his arrival, on or about August 14, 2023. *Id.* Petitioner obtained his employment authorization document and started working full-time. *Id.* On May 26, 2026, petitioner was re-detained by ICE. *Id.* Respondents have provided no evidence of any violations of release or other changed circumstances underlying this re-detention. Petitioner appears to have been released from ICE custody pursuant to the court's June 22, 2026 order.

**Procedural History**

Petitioner, proceeding through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a temporary restraining order on June 18, 2026. ECF Nos. 1 & 2. By minute order on June 22, 2026, the court found that petitioner "met his burden establishing a TRO is warranted" and granted the motion. ECF No. 4. The court ordered respondents to immediately release petitioner. *Id.* The court referred the matter to me for further proceedings. *Id.* The matter is fully briefed and submitted.

**Analysis**

Pending before me is the habeas petition. ECF No. 1. On June 22, 2026, the court held that petitioner had established a likelihood of success on his due process claim. ECF No. 4. The court noted that it "has repeatedly ruled on the issues presented in the instant case. *See, e.g.*, *Morales-Flores v. Lyons*, No. 1:25-cv-1640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025)." *Id.* In *Morales-Flores*, the court held that the government violated the INA and procedural due process by re-detaining and refusing an immigration bond hearing to a noncitizen whom it had previously released into the United States. *Id.* at *3-7. Accordingly, the court adopted that reasoning and ordered petitioner released. ECF No. 4.

Respondents now argue that the petition should be denied on the merits because they allege that section 1255(b) authorizes them to detain petitioner without a bond hearing. ECF No. 7 at 1. The court has already rejected this position, ECF No. 4, and respondents do not explain why the court's prior determination is incorrect. Further, respondents have not submitted any additional evidence that would throw the court's prior conclusion into question.

Although neither party has updated the court regarding petitioner's custody status, it

appears from the ICE detainee locator that he is out of custody. However, without permanent relief from re-detention, petitioner remains subject to respondents' ongoing assertion that they may detain him without any change of circumstances or individualized hearing before a neutral arbiter. ECF No. 7 at 1. The government's claim supports the need for permanent relief: a temporary restraining order dissolves when a final judgment is entered. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010). Under respondents' interpretation of section 1225(b), petitioner still faces the threat of re-arrest and mandatory detention unless the temporary relief is made permanent. *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019) (plurality opinion); *see also Diouf v. Napolitano*, 634 F.3d 1081, 1084 n.3 (9th Cir. 2011), *reversed on other grounds by Johnson v Arteaga-Martinez*, 596 U.S. 573 (2022).

For the purpose of the due process claim on which the court ordered release, the record remains the same as when the Court entered its previous order and supports the granting of permanent relief in this matter. For the same reasons identified in the court's order granting petitioner's motion for preliminary relief, ECF No. 4, and consistent with the reasoning in *Morales-Flores v. Lyons*, No. 1:25-cv-1640-TLN-EFB, 2025 WL 3552841 (E.D. Cal. Dec. 11, 2025), I recommend that petitioner's habeas corpus petition be granted on its procedural due process claim and that the preliminary injunction be converted to a permanent injunction. *See e.g., M. v. Chestnut*, No. 1:26-cv-0241-TLN-SCR, 2026 WL 1266254, *2 (E.D. Cal. May 8, 2026), *report and recommendation adopted*, 2026 WL 1361717 (E.D. Cal. May 14, 2026); *Gallegos v. Chestnut*, No. 1:26-cv-0320-DAD-SCR, 2026 WL 1415300 (E.D. Cal. May 20, 2026), *report and recommendation adopted*, 2026 WL 1878758 (E.D. Cal. June 30, 2026).

**Conclusion**

Based on the foregoing, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.
2. The injunctive relief previously granted, ECF No. 4, be made permanent.
3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE